Good morning, Your Honors. May it please the Court, my name is Adolfo Ojeda, and I am for the petition of Mr. Atunayza Lezinaivalu. I'd like to reserve two minutes for rebuttal. Your Honors, this case comes down to a simple issue of whether or not the fear that Mr. Lezinaivalu fears of what happened to similar-situated individuals and similar-situated family members that happened to his family back in Fiji is sufficient enough to grant him asylum. The facts of the case are, in brief, that Mr. Lezinaivalu, prior to coming to the United States in 1999, was an active member of the Fijian Association political party. One of the main crux of their platform was that they believe in the unification of the races in Fiji. I'm sorry, the unification and the ability of the races to get along, work along together. Mr. Lezinaivalu is an ethnic Fijian, but he promoted and went around the country – I'm sorry, did you have a question? – and he would go around the country promoting the unity of the races, and after that, he left the country. While he was gone in the year 2000, the elections that occurred in Fiji resulted in the Fijian Labor Party that was made up of Indian Fijian and ethnic Fijian members won the election. Mr. Lezinaivalu's party, the Fijian Association party, came in close second. The two parties formed a coalition government that was shortly overthrown by a military coup in which many members of both parties were persecuted. Mr. Lezinaivalu's chief fear is that some of his close members and some of his close friends and family members were harmed, including – he testified in court that one of his close family members, which I believe it was his uncle – I unfortunately was not the person that did the individual calendar hearing, but I believe it was his and what happened after the coup and the persecution of those members. Wasn't there subsequent to that the removal of military government? There has been – there was another coup afterwards that I believe he also discussed where I believe the original coup members were put in jail, and then I believe they the last country report in the record that I think the State Department summarizes the position that Fiji Islands are still continued – there is still continued ethnic strife among them, and that is what Mr. Lezinaivalu fears in returning to the country. He fears that based on his active participation in supporting a unified Fiji that he would be We've got a situation where there's no past persecution. He left the country and nothing happened to him personally. Is that right? That is correct, Your Honor. And like I say, his fear is strictly based on a fear of future persecution. So the burden is on him. It's not on the government to show that he won't get persecuted. He has a heavy burden to show us that it's more likely than not he would be persecuted. I realize that, Your Honor, and unfortunately his only proof is what was submitted in his record, what was previously submitted. He knows that and we don't deny that. I apologize, I noted in my brief, I apologize to the government that he had suffered past persecution and that that wasn't correct. It was the fact that his similarly situated individuals that were part of his social group were persecuted, but he himself was not. Now in the country report, there's no suggestion that ethnic Fijians generally are in trouble in terms of That is correct. And generally the people that have, that are suffering the harm and the persecution are generally the Indo-Fijians. However, there have been reports, there have been reported cases where I believe it's, I apologize if I'm incorrect, there's a case of four of a similarly situated individual who was an ethnic Fijian who had, who did suffer persecution. Unfortunately, for my case, that individual did, he was able to prove that he had suffered past persecution. So the best case for your client is that, that hidden uncle who was killed in the past? Yes. That is his main argument and that's his main fear for returning. If there's no more questions, thank you, Your Honor. Thank you. Ms. Sarko, I guess the government's getting its money's worth sending you out here today, three in a row. I had a lot to read on the plate. Okay. May it please the Court, the issue in this case is whether there's substantial evidence in the record to support Petitioner's contention that he has a well-founded fear of future persecution. He admitted just now that he had no past persecution, that he suffered while he was in Fiji. In this case, his argument is based on not necessarily his ethnicity, but rather because he supported an organization that supported the coalition government that was, well, actually not the coalition. First, he supported an organization that was running a candidate for president. They lost, he came in second. His party, going with the party that came in first, informed the coalition government. He then, there was then a coup attempt, I guess there was a coup, and the, by some rebel faction of the military. The coalition government, some of those leaders were put in jail. Subsequent to that, the military as a whole took back the country from the rebel group, and after a month, the coalition government leaders were released. An interim government was formed, and the rebels part in the military that tried the original coup were then jailed. Subsequent to that, there was another coup attempt which failed. And so currently there is an interim government, supported by the military as a whole, that is not the same as the prior coup plotters that overthrew the coalition government that his party supported. So we believe that he doesn't currently have a well-founded fear of persecution if he were to return to Fiji. While there is ethnic strife, most of that is focused against Indo-Fijians, and he's an ethnic Fijian. He says that in the past, some of, at least one of his relatives, or maybe some other people that he knew in the military were involved in the fighting with the rebel factions. However, now there seems to be no one in the country as far as who's in power, and we don't believe that he currently shows a well-founded fear of future persecution were he to return. I would also note that he's in the military reserves. He hasn't been in the military for a number of years. In fact, before he left Fiji, it was like something like seven years since he had been in the military. So we don't believe that he has shown that he's likely to be called back into the military. And even if he is called back, that necessarily he will be targeted any more than anyone else who supports the current government in Fiji. So basically I would ask the Court to, again, take a look at the country reports, and you will see that they support the government's position in this case. And I don't believe that the record compels a finding contrary to the boards and immigration judges that he didn't show a well-founded fear of persecution. There are no other questions. Thank you. Mr. Oheda, did you have anything to add? Your Honor, I did not. Thank you. The case of Lessa Navalu v. Ashcroft is submitted. We will take a short break, and the counsel for Minidoka v. the Department of Interior can get themselves set up and be ready to go for the next hearing.
judges: B. Fletcher, McKeown, Gould